UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| RONNIE BROWN, | |
| Plaintiff, | NO. CV-08-2394-EFS (PC) |
| v. | **ORDER DIRECTING U.S. MARSHAL TO SERVE COMPLAINT AND PROVIDING PLAINTIFF WITH ADVISEMENTS** |
| SUZANNE HUBBARD, Secretary, California Department of Corrections, et. al., | |
| Defendants. | |

Before the Court is *pro se* state prisoner Plaintiff Ronnie Brown's Complaint, alleging various constitutional violations under 42 U.S.C. § 1983. (Ct. Rec. 1.) The Court previously determined that Plaintiff's Complaint states plausible 42 U.S.C. § 1983 claims based on a Fourteenth Amendment procedural due process violation and ordered Plaintiff to prepare and return the necessary service documents within forty-five (45) days. (Ct. Rec. 14.) Plaintiff has done so. (Ct. Rec. 15.)

Accordingly, **IT IS HEREBY ORDERED**:

1. The **Clerk of Court** shall forward the following documents to the U.S. Marshals Service for each Defendant:

   a. One completed and issued summons;

   b. One completed USM-285 form;

   c. One copy of the complaint;

ORDER * 1

PDF created with pdfFactory trial version www.pdffactory.com

1           d.    One copy of this Order;

2           e.    Two copies of a Waiver of Service;

3           f.    One notice of lawsuit consistent with Federal Rule of

4                 Civil Procedure 4(d)(1); and

5           g.    One request for waiver of service consistent with Federal

6                 Rule of Civil Procedure 4(d)(1).

7     2.    The **Clerk of Court** shall also immediately forward the following

8 **additional** documents to the U.S. Marshals Service:

9           a.    an extra copy of the complaint; and

10          b.    an extra copy of this Order.

11    3.    The **U.S. Marshals Service** shall serve **each** Defendant in

12 compliance with Federal Rule of Civil Procedure 4.

13          a.    First, in order to effectuate service, the United States

14                Marshal, in compliance with Rule 4(d), shall send the

15                following documents, by first class mail: the summons,

16                the complaint, this Order, a request for waiver of

17                service of summons, two copies of the Waiver of Service,

18                and a return envelope, postage prepaid, addressed to the

19                sender.  The costs of mailing shall be advanced by the

20                United States.

21          b.    Next, if a Defendant does not return the Waiver of

22                Service within the appropriate time period, the U.S.

23                Marshals Service shall personally serve that Defendant,

24                in compliance with Rule 4(e)-(i).  The U.S. Marshals

25                Service shall make the necessary attempts to effectuate

26                such personal service until service is effected or, if

ORDER * 2

PDF created with pdfFactory trial version www.pdffactory.com

1    necessary, obtain direction from the Court or the Legal
2    Affairs Division (Litigation Office Special Investigator)
3    of the California Department of Corrections and
4    Rehabilitation (CDCR).   The U.S. Marshals Service shall
5    also command all necessary assistance from the California
6    Department of Corrections and Rehabilitation (CDCR) to
7    execute this Order.

8    4.   The U.S. Marshals Service shall file upon receipt the returned
9    waivers of service, the requests for waiver of service that are returned
10   as undelivered, and returns of service.   In addition, if necessary, the
11   U.S. Marshals Service shall complete and file the USM-285 form.   Costs
12   of service will then be taxed against the personally-served Defendant in
13   accordance with Federal Rule of Civil Procedure 4(d)(2).

14   5.   Defendants shall file an answer or otherwise respond to
15   Plaintiff's complaint within sixty (60) days after mailing (if formal
16   service is waived), forty-five (45) days if service is not waived.
17   Failure to so respond may result in entry of a default judgment.

18   6.   **NOTICE - WARNING**: Pro se Plaintiff is warned that certain
19   motions can result in the dismissal of all or part of his case; i.e.,
20   "dispositive motions."   *See Klingele v. Eikenberry*, 849 F.2d 409, 411
21   (9th Cir. 1988); *Rand v. Rowland*, 154 F.3d 952, 962 (9th Cir. 1998).
22   Such dispositive motions may be captioned as motions to dismiss or
23   motions for summary judgment, though other captions may also be used.

24   Generally, the Court must grant a Defendant's motion to dismiss for
25   failure to state a claim that is filed under Federal Rule of Civil
26   Procedure 12(b)(6) if it appears beyond doubt that Plaintiff can prove

ORDER * 3

1   no set of facts that would plausibly entitle him to relief.  While the
2   Court assumes that Plaintiff's allegations are true when applying this
3   standard, conclusory allegations, without more, are insufficient to
4   defeat a motion to dismiss for failure to state a claim.

5       A Defendant may also file a motion to dismiss for failure to exhaust
6   administrative remedies as to one or more claims in the complaint.  The
7   failure to exhaust administrative remedies is subject to an unenumerated
8   Rule 12(b) motion to dismiss.  *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th
9   Cir. 2003) (citing *Riza v. Int'l Longshoremen's & Warehousemen's Union*,
10  837 F.2d 365, 368 (9th Cir. 1988)).  "In deciding a motion to dismiss for
11  failure to exhaust nonjudicial remedies, the court may look beyond the
12  pleadings and decide disputed issues of fact."  *Id.* at 1119-20 (quoting
13  *Ritza*, 837 F.2d at 368).  Accordingly, Plaintiff must oppose the motion
14  setting forth specific facts in declaration(s) and other evidence
15  regarding the exhaustion of administrative remedies, rather than simply
16  rely on allegations in the complaint.  *See* Fed. R. Civ. P. 43(e); *Ritza*,
17  837 F.2d at 369.  If the Court concludes that Plaintiff did not exhaust
18  administrative remedies, the case will be dismissed without prejudice.
19  *Wyatt*, 837 F.3d at 1120.  This means that the case will end.  If
20  Plaintiff exhausts administrative remedies at a later date, he may file
21  the case as a new action.

22      The Court must grant a summary judgment motion filed under Federal
23  Rule of Civil Procedure 56 when there is no genuine issue of material
24  fact and the moving party is entitled to judgment as a matter of law.
25  This means the Court will find in favor of the moving party if there is
26  no real dispute about any fact that affects the result of the case and

ORDER * 4

PDF created with pdfFactory trial version www.pdffactory.com

1    if the moving party is entitled to judgment as a matter of law.  This
2    will end the case.  When a party makes a motion for summary judgment that
3    is properly supported by declarations or other sworn testimony, the
4    opposing party cannot simply rely on what his complaint or answer says.
5    Instead, if Plaintiff is the opposing party, he must show Defendants'
6    facts are genuinely disputed in one or more of the following ways: (1)
7    Plaintiff may rely upon statements made under penalty of perjury in the
8    complaint *if* the complaint shows that Plaintiff has personal knowledge
9    of the matters stated and *if* Plaintiff calls the Court's attention to
10   those parts of the complaint upon which Plaintiff relies; (2) Plaintiff
11   may serve and file affidavits or declarations setting forth the facts
12   which Plaintiff believes prove Plaintiff's claims (the persons who sign
13   the affidavit or declaration must have personal knowledge of the facts
14   stated); (3) Plaintiff may rely upon written records but Plaintiff must
15   prove that the records are what Plaintiff claims they are; and (4)
16   Plaintiff may also rely upon all or any part of the transcript of one or
17   more depositions, answers to interrogatories, or admissions obtained in
18   this proceeding.  Should Plaintiff fail to contradict Defendants' motion
19   with affidavits, declarations, or other evidence, Defendants' evidence
20   will be taken as truth, and final judgment may be entered without a full
21   trial.  *See* FED. R. CIV. P. 56(e).  Rule 56 sets forth what a party must
22   do in order to oppose a summary judgment motion.  Local Rule 56-260 also
23   requires, in addition, that a party include as part of its opposition to
24   a summary judgment motion a statement of material facts.  If summary
25   judgment is granted, the case will be dismissed and there will be no
26   trial.

ORDER * 5

PDF created with pdfFactory trial version www.pdffactory.com

7.  **NOTICE - WARNING**: Plaintiff is also advised that **all parties, whether or not represented by an attorney, are responsible for following the requirements set forth in the Federal Rules of Civil Procedure and the Local Rules.**  Failure to comply with these rules or an Order may result in the imposition of sanctions, including dismissal of the action. Please take special note of Local Rule 5-135 regarding service and filing of pleadings, Local Rule 78-230 regarding motion practice, especially subsections (f) through (h), and Local Rule 56-260 regarding summary judgment.  **The Clerk's Office shall provide Plaintiff with a copy of the Local Rules.**

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this Order and provide a copy to Plaintiff and the U.S. Marshals Service.

**DATED** this____27ᵗʰ____ day of February 2009.


_____S/ Edward F. Shea_____
EDWARD F. SHEA
United States District Judge

C:\WINDOWS\Temp\notes101AA1\ED.CA.08.2394.Serve.wpd

ORDER * 6

PDF created with pdfFactory trial version www.pdffactory.com