UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| RONNIE BROWN,<br><br>               Plaintiff,<br><br>    v.<br><br>SUZANNE HUBBARD, Secretary California Department of Corrections, et. al.,<br><br>               Defendants. | NO. CV-08-2394-EFS (PC)<br><br>**ORDER GRANTING IN PART DEFENDANTS' MOTION TO REVOKE PLAINTIFF'S IFP STATUS** |

Before the Court, without oral argument, is Defendants' Motion to Revoke Plaintiff's In Forma Pauperis Status, filed May 1, 2009. (Ct. Rec. 18.) Defendants ask the Court to revoke Plaintiff Ronnie Brown's in forma pauperis ("IFP") status because he is a vexatious litigant not entitled to IFP privileges. After review, the Court agrees. Plaintiff shall pay the full $350.00 filing fee within twenty (20) days from the date of this Order or the above-captioned matter will be dismissed. The reasons for the Court's Order are set forth below.

**I. Background**

Plaintiff filed a Prisoner Civil Right's Complaint, along with an IFP Application, on October 9, 2008. (Ct. Rec. 1.) Having only the benefit of Plaintiff's prison trust account statement, the Court granted

ORDER * 1

Plaintiff's IFP Application (Ct. Rec. 12);[1] the Court then screened Plaintiff's Complaint, found that it stated plausible procedural due process claims (Ct. Rec. 14), and directed the U.S. Marshals to serve Defendants (Ct. Rec. 16). In lieu of answering Plaintiff's Complaint, Defendants filed the motion now before the Court. (Ct. Rec. 18.)

## II. Discussion

Defendants argue that Plaintiff's IFP status should be revoked because he has filed more than fifty (50) civil actions in district court, at least four (4) of which qualify as "strikes" under the Prison Litigation Reform Act ("PLRA"). *Id.* at 3.

The PLRA prohibits a prisoner from proceeding IFP if he has, on three (3) or more occasions, while incarcerated or detained, brought an action in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g). A limited exception exists if the prisoner is under imminent danger of serious physical injury. *Id.*

This bar on vexatious IFP litigation is referred to as the "three strikes" provision. *Andrews v. King*, 398 F.3d 1113, 1116 (9th Cir. 2005).[2] The burden of establishing that a prisoner has "three strikes to their name" rests on defendants. *Id.* at 1120. Defendants meet this

---

[1] Plaintiff conveniently left blank the Complaint section asking prisoners to identify how many other lawsuits they have filed while incarcerated. *See* Ct. Rec. 1 at 1.

[2] "Strikes" are prior cases, brought while the plaintiff was a prisoner, which were dismissed because the matters were frivolous, malicious, or failed to state a claim. *Andrews*, 398 F.3d at 1116 n.1.

ORDER * 2

burden by producing sufficient court records or other documentation for the district court to determine that a prior case was dismissed because it was "frivolous, malicious, or failed to state a claim." *Id.* (internal quotations omitted).

Here, there are four (4) prior cases that plainly qualify as "strikes" under section 1915(g). The first case is *Brown v. Department of Adult Parole Operations et. al.*, EDCA-CV-08-11 (JWJ), in which the district court rejected Plaintiff's IFP request after finding the complaint to be "legally and/or factually patently frivolous." (Ct. Rec. 18, Ex. B.) The case was closed on these grounds shortly thereafter. *Id.*, Ex. A. The second case is *Brown v. Gonzales, et. al.*, EDCA-CV-07-150 (JAM) (EFB), in which the district court dismissed Plaintiff's prisoner civil rights complaint for failure to state a claim. *Id.*, Ex. C. The third case is *Brown v. State of California Judicial Council on Performance, et. al.*, NDCA-CV-07-174 (PJH), in which the district court dismissed Plaintiff's prisoner civil rights complaint for failure to state a claim. *Id.*, Ex. D. The fourth case is *Brown v. Schwarzenegger et. al.*, EDCA-CV-06-2921 (LKK) (KJM), in which the district court dismissed Plaintiff's prisoner civil rights complaint as frivolous. *Id.*, Ex. E.

As mentioned, a limited exception to the IFP filing bar exists if the prisoner is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). This exception "turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time." *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007).

Here, Plaintiff's complaint is based on a procedural due process violation arising from an overpayment with the Government Claims Board. There are no allegations of imminent danger or serious physical injury. As such, the limited exception is inapplicable.

### III. Conclusion

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion to Revoke Plaintiff's In Forma Pauperis Status **(Ct. Rec. 18)** is **GRANTED** (IFP status revoked) and **DENIED** (dismissal) **IN PART**.

2. If Plaintiff wishes to proceed with this action, he must remit the full $350.00 filing fee **within twenty (20) days from the date of this Order**. Failure to do so will be construed as consent to dismiss this action with prejudice.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and forward a copy to Plaintiff and defense counsel.

**DATED** this ___13th___ day of May 2009.

                      s/Edward F. Shea
                      EDWARD F. SHEA
               United States District Judge

Q:\Civil\Other Cts\CA-ED\ED.CA.08.2394.IFP.Revoke.wpd

ORDER * 4