UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

RONNIE BROWN,

                    Plaintiff,

          v.

SUZANNE HUBBARD, Secretary
California Department of
Corrections, et. al.,

                    Defendants.

NO. CV-08-2394-EFS (PC)

**ORDER GRANTING PLAINTIFF'S
MOTION TO AMEND AND GRANTING
AND DENYING IN PART
PLAINTIFF'S MOTION FOR
RECONSIDERATION**

    In May 2009, the Court revoked pro se prisoner Plaintiff Ronnie Brown's in forma pauperis ("IFP") status after concluding that he was a vexatious litigant under 28 U.S.C. § 1915(g)'s three-strikes provision. (Ct. Rec. 22.)  Plaintiff moved to amend his complaint, adding various allegations of imminent physical danger in an effort to circumvent section 1915(g)'s IFP procedural bar.  After review, the Court grants Plaintiff's Motion to Amend (Ct. Rec. 21) because Plaintiff is entitled to amend his complaint once as a matter of course; the Court denies in part Plaintiff's Motion to Reconsider IFP Status (Ct. Rec. 24) because the new allegations conained in the amended complaint still fail to allege imminent danger.  Plaintiff is, however, given a two-week extension to remit the $350.00 filing fee.  The reasons for the Court's Order are set forth below.

ORDER * 1

1                              **I. Background**

2        On October 9, 2008, Plaintiff filed a Complaint alleging that

3   Defendants violated his Fourteenth Amendment procedural due process

4   rights by improperly withdrawing - and not returning - monies from his

5   prison trust account.   (Ct. Rec. 1.)   Six (6) months passed while

6   Plaintiff's Complaint was assigned to a judge, screened for merit, and

7   then served on Defendants by the U.S. Marshals.   Plaintiff did not amend

8   his Complaint during this time.

9        On May 1, 2009, Defendants moved to revoke Plaintiff's IFP status

10  because he was a vexatious litigant under section 1915(g)'s three-strikes

11  provision, and the narrowly-defined "imminent danger" exception did not

12  apply.   (Ct. Rec. 18.)[1]   Although the Court agreed with Defendants and

13  signed an Order revoking Plaintiff's IFP status on May 13, 2009, a

14  docketing delay prevented the Order from being formally entered until May

15  19, 2009.  (Ct. Rec. 22.)   During this window of delay, Plaintiff moved

16  to amend his Complaint and add several allegations of imminent danger

17  arising out of prison overcrowding generally and failure to receive

18  requested medical care specifically.   (Ct. Rec. 21.)   Plaintiff then

19  asked the Court to reconsider its decision to revoke his IFP status in

20  light of the amended complaint's new allegations.  (Ct. Rec. 24.)

21  \\

22  \\

23  ─────────────────

24        [1]The imminent danger exception permits a prisoner otherwise barred

25  from proceeding IFP to initiate a civil action without paying the full

26  filing fee up front if the prisoner is in imminent danger of serious

physical injury.   28 U.S.C. § 1915(g).

ORDER * 2

1                              **II. Discussion**

2   **A.   Plaintiff's Motion to Amend (Ct. Rec. 21)**

3        Federal Rule of Civil Procedure 15 addresses amendments to pleadings
4   and permits a party "to amend its pleading once as a matter of course
5   . . . before being served with a responsive pleading . . . ."  FED. R.
6   CIV. P. 15(a)(1).   Rule 7(a) provides an exclusive list of what
7   constitutes a responsive pleading: 1) a complaint; 2) an answer to a
8   complaint; 3) an answer to a designated counterclaim; 4) an answer to a
9   crossclaim; 5) a third-party complaint; 6) an answer to a third-party
10  complaint; and 7) a reply to an answer when ordered by the court.  FED.
11  R. CIV. P. 7(a).   Pretrial motions attacking the pleadings are not
12  responsive pleadings.  *See McKinney v. Irving Indep. Sch. Dist.*, 309 F.3d
13  308, 315 (5th Cir. 2002) (finding that a Rule 12(b)(6) motion to dismiss
14  was not a responsive pleading); *see also* 3-15 MOORE'S FEDERAL PRACTICE – CIVIL
15  § 15.11 (2009).

16       Here, Defendants have not filed a responsive pleading as defined by
17  Rule 7(a); Plaintiff's amended complaint is therefore permissible.

18  **B.   Plaintiff's Motion for Reconsideration (Ct. Rec. 24)**

19       Plaintiff asks the Court to reconsider its decision to revoke his
20  IFP status based on the new allegations contained in the amended
21  complaint.   Reconsideration is appropriate if the district court is
22  presented with 1) newly-discovered evidence, 2) an intervening change in
23  controlling law, or 3) evidence that its decision was manifestly unjust.
24  *Navajo Nation v. Norris*, 331 F.3d 1041, 1046 (9th Cir. 2003); *389 Orange*
25  *St. Partners v. Arnold,* 179 F.3d 656, 665 (9th Cir. 1999).

26

ORDER * 3

1    The only plausible basis for reconsideration here is that Plaintiff
2    presented the Court with newly-discovered evidence, i.e., an amended
3    complaint purportedly alleging imminent danger.  The Court now turns to
4    these new allegations.

5    Section 1915(g)'s imminent-danger exception "applies if the
6    complaint makes a plausible allegation that the prisoner faced 'imminent
7    danger of serious physical injury' at the time of filing." *Andrews v.*
8    *Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007).  The exception's
9    availability "turns on the conditions a prisoner faced at the time the
10   complaint was filed, not at some earlier or later time." *Id.* at 1053.
11   Moreover, the alleged danger must be "ongoing." *Id.*

12   Here, Plaintiff alleges that imminent danger exists because
13   Defendants denied 1) his request for an opthamologist consultation, and
14   2) him adequate medical treatment for injuries he received in a prison
15   shower accident.  Plaintiff's claimed imminent dangers are unpersuasive
16   and do not qualify him for section 1915(g)'s imminent-danger exception
17   for two (2) reasons.  First, the alleged denial of an opthamology
18   consultation occurred on one occasion at an unspecified time in the past
19   and is therefore not an "ongoing" danger. *Id.*  Second, claims of past
20   inadequate medical care do not place Plaintiff in imminent and ongoing
21   danger of serious physical injury. *See generally id.*; *see also Ford v.*
22   *Foti*, 2001 U.S. Dist. LEXIS 12086 at *1 (E.D. La. July 25, 2001) (finding
23   that an allegation of inadequate medical care for Hepatitis-C did not
24   demonstrate imminent danger of serious physical injury); *Cain v.*
25   *Shilling*, 2001 WL 515263 at *2 (W.D. Va. March 13, 2001) (noting that
26   prisoner did not establish "imminent danger of serious physical injury"

ORDER * 4

when he complained of not receiving the medical treatment he believed necessary).   Because there is no ongoing, imminent danger alleged, reconsidering the revocation of Plaintiff's IFP status is unnecessary.

Reinforcing the Court's decision is Plaintiff's frequent-filing history, his conduct in the present matter, and the policy rationale behind section 1915(g) as discussed below.

### 1.   Frequent-Filing History

Plaintiff is a seasoned prisoner litigant.   To date, he has filed fifty-four (54) civil actions in district court (including the present matter), nineteen (19) of which have been addressed on appeal. (Ct. Rec. 18-3.)   Many of these lawsuits are duplicative.   For example,[2] *Brown v. Hubbard et. al.*, CV-09-581-KJM, and *Brown v. Hubbard et. al.*, CV-08-2443-EFB, both involve constitutional deprivations arising from injuries sustained in a shower accident; *Brown v. Hubbard et. al.*, CV-08-1191-BLW, *Brown v. Hubbard et. al.*, CV-08-1434-SMS, and *Brown v. Hubbard et. al.*, CV-08-1252-WMW, all involve alleged property deprivations and Americans with Disability Act violations; and *Brown v. California Department of Corrections ("CDC")*, CV-08-151-WBS, *Brown v. CDC*, CV-08-1880-EFB, and the present matter all involve allegations that the CDC improperly withdrew - and did not return - monies from Plaintiff's prison trust account.   These are just examples.   And as the Court previously stated, at least four (4) of Plaintiff's prior cases qualify as "strikes" under section 1915(g).

---

[2]A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (citation omitted).

ORDER * 5

1   (Ct. Rec. 22.)  This lengthy and duplicative litigation history draws
2   attention to the purported good-faith basis for Plaintiff's prison
3   lawsuits generally.

4          **2.   Conduct in the Present Matter**

5          A prisoner's conduct is instructive when assessing whether he raises
6   a legitimate, plausible allegation that imminent danger existed at the
7   time of filing.  Here, the timing of Plaintiff's amended complaint is
8   particularly instructive.  Plaintiff filed this matter in October 2008
9   and made no effort to amend his complaint for seven (7) months, even
10  though the "imminent" injuries he allegedly suffered (deprivation of
11  medical care) occurred as far back as December 2007.  (Ct. Rec. 20.)
12  Only when Defendants pointed out that Plaintiff was a vexatious litigant
13  who failed to meet section 1915(g)'s imminent-danger exception did
14  Plaintiff promptly move the Court to amend his complaint and add multiple
15  claims alleging imminent danger of serious physical injury.  The
16  coincidence is too obvious to ignore.  Plaintiff's strategic addition of
17  claims designed to circumvent section 1915(g)'s IFP filing bar bespeaks
18  bad faith.

19         Also instructive are the alleged imminent dangers themselves.  For
20  example, Plaintiff alleges that Defendants denied him adequate medical
21  treatment for head injuries and a lipoma that he received when Folsom
22  prison's shower ceiling collapsed on his head.  This claim is being
23  addressed in another pending civil matter before Judge Kimberly J.
24  Mueller.  *See Brown v. Hubbard et. al.*, CV-09-581-KJM.  Plaintiff's other
25  claimed imminent dangers - namely, assertions that Folsom prison is
26  overcrowded and that he was denied an opthamologist consult - are

ORDER * 6

1  generic, unsupported by any documentation, and were the subject of prior

2  cases.  *See, e.g., Brown v. Hubbard et. al.*, CV-08-2443-EFB.  In other

3  words, Plaintiff "copied and pasted" allegations from his other district

4  court matters - past and present - in an effort to create an imminent

5  danger in this matter and thereby bypass section 1915(g)'s IFP filing

6  bar.  Such bad faith tactics are unacceptable.

7    **3.  Congressional Policy Behind Section 1915(g)**

8      Congress enacted section 1915(g)'s three-strikes provision to limit

9  the filing of frivolous and vexatious prisoner lawsuits "caused by the

10  fact that prisoners easily obtained IFP status and hence were not subject

11  to the same economic disincentives to filing meritless cases that face

12  other civil litigants."  *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 314 (3d

13  Cir. 2001); *see also* 141 Cong. Rec. S7498-01, S7526 (daily ed. May 25,

14  1995 (statement of Sen. Kyl) ("Filing of frivolous civil rights lawsuits

15  has become a recreational activity for long-term residents of

16  prisoners."); 141 Cong. Rec. S7498-01, S7524 (daily ed. May 25, 1995)

17  (statement of Sen. Dole) ("Prisoners will 'litigate at the drop of a

18  hat,' simply because they have little to lose and everything to gain.").

19  The Court cannot countenance Plaintiff's deliberate attempt to sidestep

20  Congressional policy of reducing the number of frivolous filings by

21  simply pairing frivolous claims with claims designed to trigger section

22  1915(g)'s imminent-danger exception.[3]

23  ───────────────

24      [3]Importantly, section 1915(g) does not block a prisoner's access to

25  federal courts; it only denies the prisoner the privilege of initiating

26  an action before paying the full filing fee.  *Abdul-Akbar*, 239 F.3d at

314.  Plaintiff is free to either pay the full filing fee, pursue his

ORDER * 7

In sum, Plaintiff has not alleged plausible allegations of imminent danger. *See Cervantes*, 493 F.3d at 1055.  Instead, he has strategically inserted claims from other cases in the hopes of circumventing section 1915(g)'s IFP filing bar.  If left unchecked, Plaintiff's calculated conduct would render meaningless the Congressional policy behind section 1915(g) - advancing meritorious prisoner actions while reducing frivolous ones.  The Court therefore finds no basis to reconsider its decision to revoke Plaintiff's IFP status.  The Court will, however, give Plaintiff an additional two (2) weeks to submit the filing fee in full.  No further action will be taken by the Court until that time.  *See Boreland v. Vaughn*, 2000 U.S. Dist. LEXIS 2463 at *11 n.5 (E.D. Pa. March 7, 2000) ("While the reimittance of a filing fee is not jurisdictional, it is an 'administrative hurdle' that the Court may require a plaintiff clear before considering the merits of the case.") (citing *McDowell v. Delaware State Police*, 88 F.3d 188, 191 (3d Cir. 1996)).

### III. Conclusion

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion to Amend Complaint **(Ct. Rec. 21)** is **GRANTED.**

2. Plaintiff's Motion for Reconsideration **(Ct. Rec. 24)** is **GRANTED** (time extension to remit the $350.00 filing fee) and **DENIED** (reconsideration) **IN PART.**

---

claims in state court (where IFP requirements may be less strict), or simply continue with his other existing federal cases.  "Potentially negative consequences in federal courts, as distinguished from state courts, are precisely the consequences intended by Congress." *Id.*

ORDER * 8

1       3. Plaintiff shall remit the full $350.00 filing fee to the Clerk's

2  Office for the Eastern District of California, 501 I Street, Sacramento,

3  CA 95814, **within two (2) weeks from the date of this Order.**   Failure to

4  do so will be construed as consent to dismissal for failure to prosecute.

5       **IT IS SO ORDERED.**   The District Court Executive is directed to enter

6  this Order and forward a copy to Plaintiff and defense counsel.

7       **DATED** this ___16th___ day of June 2009.

8

                              S/ Edward F. Shea
9  _____
                              EDWARD F. SHEA
10                       United States District Judge

C:\WINDOWS\Temp\notes101AA1\ED.CA.08.2394.Amend.wpd
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER * 9